IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH P. TAGGART and SHIRLEY
TAGGART,
          Plaintiffs,

v.                                                                                             Civil Action: 5:05-CV-00191

DAMON MOTOR COACH, CLAY'S RV
CENTER INC. and U.S. BANKCORP a/k/a US
BANK,
          Defendants.

## MEMORANDUM, OPINION, and ORDER DENYING DEFENDANT'S MOTION TO COMPEL AS UNTIMELY

On August 14, 2006 came the above named plaintiffs, by Joseph E. Barki, III, in person, and the above named defendants, by Steven Forry for Damon Motor Coach, by telephone, and Johnnie E. Brown for Clay's RV Center, Inc., by telephone, for Defendant Damon Motor Coach's Motion to Compel discovery from Defendant Clay's RV Center. Testimony was not taken, and no other evidence was introduced.

### I. Introduction

A.    <u>Background</u>.

The parties engaged in discovery and a dispute arose. Defendant Damon Motor Coach (hereinafter Damon) filed a Motion to Compel against Defendant Clay's RV Center (hereinafter Clay's) on July 21, 2006. On July 25, 2006, this Court set an evidentiary hearing and argument for August 14, 2006, to consider Damon's motion. Clay's filed its Response to the Motion to Compel on August 4, 2006. The hearing was duly held on August 14, 2006.

B.      The Motion.

Damon's Motion to Compel.[1]

C.      Decision.

The Motion to Compel is DENIED as untimely. Damon served Requests for Production on Clay's on February 17, 2006. Damon therefore had until April 21, 2006, to file its Motion to Compel unless it could show good cause for the delay as set forth in the Local Rule. Since Damon has made no such showing, its Motion is untimely.

## II. Facts

1.      On or about February 17, 2006,[2] Damon served its Request for Production of Documents and Things on Clay's. The specific request pertinent to this motion is Damon's request for

> documents regarding any other lawsuit and/or claim made against Clay's RV Center, Inc. based in whole or in part upon allegations of fraud, misrepresentation, consumer fraud, breach of warranty, rescission of contract, the "Lemon Law" of any state, and/or the uniform commercial code of any state, in the sale and/or servicing of recreational vehicles. This request includes, but is not limited to, pleadings, deposition testimony, correspondence from yourself and the manufacturer, arbitration submittals and/or decisions, and releases."

2.      Clay's did not respond to Damon's request. On May 26, 2006, more than three months after its initial request, Damon filed a Motion to Compel[3] against Clay's, seeking the information requested as stated above.

---

[1] Docket 35.

[2] This date is alleged in the Motion to Compel. However, the docket contains no certificate of service to confirm this date.

[3] Docket No. 26

3.  On June 16, 2006, counsel for Damon withdrew the Motion to Compel he had filed on May 26, 2006. Accordingly, the Court denied the Motion to Compel as moot on June 20, 2006.[4]

4.  On June 19, 2006, Clay's responded to Damon's request. Clay's responded to Damon by stating that it "objects to this request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence."

5.  On June 29, 2006, counsel for Damon sent a letter to Clay's indicating Damon considered the reason for Clay's objection improper and requesting that Clay's comply with the request. On July 13, 2006, Clay's indicated to Damon its continued objection to the request at issue here.

6.  On July 21, 2006, Damon filed a second Motion to Compel against Clay.[5] This Court set the matter for evidentiary hearing and argument on August 14, 2006. The hearing was held on that date.

### III. Defendant's Motion to Compel

A.  Contentions of the Parties

Damon asks this Court to grant its Motion to Compel pursuant to Federal Rule of Civil Procedure 37 because the evidence it seeks is relevant to its case. It contends that Rule 26(b)(1) provides a party may discover any non-privileged matter relevant to the litigation. Damon argues the Federal Rules do not require discovery to be admissible evidence at trial; rather, the test is

---

[4] Docket No. 34

[5] Docket No. 36

whether the information to be discovered will lead to the discovery of admissible evidence. Damon cites two cases from other jurisdictions in support of its contention that the evidence of prior claims against Clay's that it seeks may be discovered. Finally, Damon argues Clay's objection to its request is "inappropriate."

Clay's responds that the information Damon seeks is irrelevant to the case and therefore this Court should deny the Motion to Compel. Specifically, Clay's asserts that the evidence Damon seeks is "wholly irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence as required by Rule 26." Clay's contends that suits against it by other parties have no bearing on whether the parties in the instant action may successfully assert claims against it.

B.    The Standards

1.    Discovery - Scope. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." Fed. R. Civ. P. 26(b)(1).

2.    Discovery - Scope. A party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). In addition, "the discovery rules are given 'a broad and liberal treatment.'" Nat'l Union Fire Ins. Co.

of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc., 967 F.2d 980, 983 (4th Cir. 1992) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). However, the discovery sought must be relevant. Fed. R. Civ. P. 26(b)(1); see also St. Bernard Sav. and Loan Ass'n v. Levet, Civ. A. No. 91-4493, 1993 WL 386321, at *1 (E.D. La. Sept. 16, 1993) (stating that "the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process").[6]

    3.     <u>Discovery - Relevancy</u>. A court must strike a balance between the broad scope of the rules of discovery and the discovery of relevant evidence that is ultimately deemed admissible or inadmissible at trial. The test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(b)(1) ("relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). In striking the appropriate balance between these two tensions, "[d]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders." Hinkle v. City of Clarksburg, West Virginia, 81 F.3d 416, 426 (4th Cir. 1996)(citations omitted).

    4.     <u>Discovery - Duty to Supplement</u>. Once the discovery process has commenced, a party has "a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to

---

[6] This Court recognizes that the United States Court of Appeals for the Fourth Circuit disfavors citation of unpublished opinions. It recognizes the reasons for this and acknowledges it. Therefore, the Court will make every effort to support its opinions with citations to published rather than unpublished opinions where possible.

the other parties during the discovery process or in writing." Fed. R. Civ. P. 26 (e)(2).

5. <u>Discovery - Duty to Respond Fully and Completely - No Gamesmanship</u>. Parties must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond. Gamesmanship to evade answering as required is not allowed. <u>Hansel v. Shell Oil Corporation</u>, 169 F.R.D. 303 (E.D. Pa. 1996).

6. <u>Discovery - Objections to Interrogatories</u>. All objections must be stated with specificity and any objection not raised is waived. Fed. R. Civ. P. 33(b)(4). "Mere recitation of familiar litany that interrogatory is 'overly broad, burdensome, oppressive, and irrelevant'" does not suffice as specific objection. <u>Momah, v. Albert Einstein Medical Center</u>, 164 F.R.D. 412, 417, (E.D. Pa. 1996) (quoting <u>Josephs v. Harris Corp.</u>, 677 F.2d 985, 992 (3d Cir. 1982)).

7. <u>Discovery - Production of Documents</u>. "Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents...or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a).

8. <u>Discovery - Requests for Production - Objections</u>. While Rule 34 of the Federal Rules of Civil Procedure does not contain the same specificity and waiver provisions as Rule 33 of the Federal rules of Civil Procedure, the Advisory Committee notes to Rule 34 states that "the procedure provided for in Rule 34 is essentially the same as that in Rule 33." <u>Pulsecard v. Discover Card Services, Inc.</u>, 168 F.R.D. 295, 303 (D. Kan. 1996).

9. <u>Discovery - Motion to Compel</u>. "If a deponent fails to answer a question propounded

or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request." Fed. R. Civ. P. 37(a)(2)(B).

C. <u>Discussion</u>

<u>The Motion to Compel is Untimely</u>

Damon has filed a Motion to Compel against Clay's, seeking responses to its Request for Production that it filed against Clay's on February 17, 2006. Damon filed its Motion on May 26, 2006 – more than three months after it served its Request. Although neither party briefed the issue of the Motion's timeliness, the Court raised the issue at the hearing on August 14, 2006. The Court now finds that Damon failed to file its Motion in a timely manner, and therefore DENIES the Motion to Compel.

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. Since in this case the issue is a request for production of documents, the applicable rule is Rule 37(a)(2)(B). As stated above, that Rule permits a party to seek a motion to compel after it submits a request for production under Rule 34 and the other party "fails to respond that inspection will be permitted as requested or fails to permit inspection as requested." <u>Id.</u> In that case, "the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request." <u>Id.</u> While Rule 37 does not contain any time limit for filing motions to compel, the applicable Local Rules do.

7

Local Rule 37.02 states that

> A motion to compel, or other motion in aid of discovery, is deemed waived if it is not filed within thirty days after the discovery response or disclosure requirement sought was due, which date is determined in accordance with a rule or by mutual agreement among the parties, unless such failure to file the motion was caused by excusable neglect or by some action of the non-moving party. In any event, the moving party must show good cause to delay the trial or modify the scheduling order.

Hence, the local rule specifies that a motion to compel must be filed within thirty days after the requested discovery is due. If the requesting party does not file the motion until after that time, the party has waived his right to any material he may have obtained from the request. Federal Rule of Civil Procedure 34(b) provides that unless the court or parties specify otherwise, a party served with a request for production must respond within thirty days. If a party served with a request for production does not respond within thirty days, the serving party must file a motion to compel the production within an additional thirty days (i.e., within 60 days from the initial service), or else waive his right to compel production of the documents. The moving party may only avoid application of this rule if he can demonstrate "excusable neglect" or "some action of the non-moving party" caused the failure to timely file the motion. L.R. Civ. P. 37.02.

This Court has discretion to weigh the excuse offered by a party failing to timely file his motion to compel in order to avoid strict application of the Rule. This discretion allows the Court to avoid what may constitute overly "technical" applications of the Rule. Mordesovitch v. Westfield Ins. Co., 235 F. Supp. 2d 512, 518 (S.D. W. Va. 2002). One example of a party having such a valid excuse came in Kidwiler v. Progressive Paloverde Insurance Co., 192 F.R.D. 193 (N.D. W. Va. 2000). In that case, Judge Broadwater confronted a situation where the deadline for Plaintiff to file a motion to compel was October 24th, but counsel for Defendant sent Plaintiff's counsel a letter on October 19th indicating a response would soon come. Id. at 198. Plaintiff's counsel delayed filing

the motion to compel until November 15th, obviously beyond the deadline imposed by the local rule. Id. Nevertheless, Judge Broadwater concluded the motion timely since Defendant's actions had been the cause of Plaintiff's delay. Id. Other examples of courts waiving the timeliness requirement regarding motions to compel include Doe v. National Hemophilia Foundation, 194 F.R.D. 516, 519-20 (D. Md. 2000) (denying an untimely motion to compel without prejudice and ordering the parties to resolve their differences where Plaintiff's requests were overly broad and Defendant raised general objections and referred Plaintiff to a large document depository being used in other litigation) and Packman v. Chicago Tribune Co., 267 F.3d 628, 647 (7th Cir. 2001) (stating that courts should permit untimely motions to compel where actual and substantial prejudice to the moving party will otherwise result). Whatever the case, it is clear that a party filing an untimely motion must show excusable neglect or some other valid reason.

In this case, Damon, the movant, served its Request for Production of Documents and Things on Clay's on February 17, 2006. Under the Federal Rules, Clay's had until March 22, 2006 (thirty days, plus three days if service was mailed or made electronically), to timely respond to Damon's Request. Fed. R. Civ. P. 5(b)(2)(B); (D); 6(e); 34(b). When Clay's failed to respond, Damon had at most thirty three additional days to timely file its Motion to Compel. Fed. R. Civ. P. 5(b)(2)(B); (D); 6(e); L.R. Civ. P. 37.02. This means it had until April 21, 2006. Id. Nevertheless, Damon did not file its Motion until May 26, 2006 – over a month after the deadline. While the Local Rule permitted the parties to mutually agree on a different date, the record contains no evidence they did this. L.R. Civ. P. 37.02. To the contrary, Damon's Motion asserts that Damon received no responses for over three months, yet still only filed its motion on May 26. Damon's Motion to Compel is clearly untimely under Local Rule 37.02.

Since Damon filed its Motion late, it must demonstrate some "excusable neglect" or "some action of the non-moving party" to excuse its tardiness, or else waive access to the requested material. Damon made no such showing in its Motion and offered no such evidence at the evidentiary hearing. The Court raised the issue for the first time at oral argument. At that time, the Court specifically asked counsel for Damon whether his Motion was timely. Counsel was unable to demonstrate how the motion was timely.

Since Damon filed its Motion to Compel late and has not demonstrated any valid excuse for its being late, the Motion is untimely. Damon has waived its right to obtain the requested materials. Therefore, Damon's Motion to Compel is DENIED as untimely.

## IV. Decision

Damon's Motion to Compel is DENIED as untimely.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: August 24, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE