IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH P. TAGGART and SHIRLEY
TAGGART,
         Plaintiffs,

v.                                                                                                       Civil Action: 5:05-CV-00191

DAMON MOTOR COACH, CLAY'S RV
CENTER INC. and U.S. BANKCORP a/k/a US
BANK,
         Defendants.

## MEMORANDUM, OPINION, and ORDER GRANTING IN PART and DENYING IN PART PLAINTIFFS' MOTION TO COMPEL

On November 15, 2006, came the above named Plaintiffs, by Joseph E. Barki, III, and Steven Vogrin, in person, and the above named Defendants, by Steven Forry for Damon Motor Coach, by telephone, and Erik Engle for Clay's RV Center, Inc., by telephone, for Plaintiffs' Motion to Compel Directed Toward Defendant, Damon Corporation. Testimony was not taken, and no other evidence was introduced.

### I. Introduction

A.    Background.

The parties engaged in discovery and a dispute arose. Plaintiffs filed a Motion to Compel against Damon Motor Coach (hereinafter Damon) on October 25, 2006. Damon did not respond. On November 7, 2006, this Court set an evidentiary hearing and argument for November 15, 2006. The hearing was held on that date.

B.    The Motion.

Plaintiffs' Motion to Compel.[1]

C.   Decision.

Plaintiffs' Motion to Compel is GRANTED IN PART and DENIED IN PART. The Motion regarding interrogatories 6 and 13 is GRANTED. Damon shall answer within fourteen days from the date of this Order. The Motion regarding interrogatory 12 is DENIED. However, the Court finds Damon has admitted the information sought in interrogatory 12 is relevant and even if it did not, it has waived any objections. Damon shall answer interrogatory 12 within five days of when then the information sought becomes available to it.

## II. Facts

1.   Plaintiffs served requests for admission, interrogatories, and requests for production on Damon on July 30, 2006. Damon responded to the requests for admission on August 29, 2006. Damon did not provide responses to the interrogatories and requests for production at that time.

2.   Damon served responses to the interrogatories and requests for production on October 2, 2006.

3.   Counsel for Plaintiffs believed Damon's responses to interrogatories 6, 12, and 13 were insufficient. Plaintiffs' counsel wrote to Damon's counsel on October 18, 2006, detailing the alleged deficiencies. Plaintiffs' counsel also attempted to call Damon's counsel by telephone on October 24, 2006, but was unable to contact him. Plaintiffs' counsel left a message and invited discussion regarding the allegedly deficient interrogatory responses.

4.   Plaintiffs filed this Motion to Compel, which proceeded as set forth above.

---

[1] Docket No. 74.

5. On November 16, 2006, Damon served supplemental responses to the interrogatories.

### III. Defendant's Motion to Compel

A. Contentions of the Parties

Plaintiffs ask the Court to grant the Motion to Compel. Plaintiffs argue Damon's response to interrogatory 6 fails to provide the factual information requested. They also contend the objection Damon interposed lacks merit. Plaintiffs argue that while Damon did not object to interrogatory 12, the response is insufficient. Finally, Plaintiffs argue interrogatory 13 is permissible under Federal Rule 33(c), Damon's objection is invalid, and its response is incomplete.

Damon asks the Court to deny the Motion to Compel. Although Damon did not file any responsive pleading to the Motion, counsel did make arguments at the hearing. The Court has drawn the following arguments from counsel's statements at the hearing and from Damon's objections. Damon contends that the material asked for in interrogatory 6 is irrelevant and will not lead to the discovery of admissible evidence. Damon further objects to it as vague, ambiguous, and unlimited in time and scope. Damon also states it has provided an answer. Regarding interrogatory 12, Damon argues it did not have sufficient factual information to form an answer at the time the interrogatory was served. Finally, Damon argues it did not have sufficient factual information to form an answer to interrogatory 13 when it was served. It further argues it is not required to disclose its legal strategies, and that any documents pertaining to its legal strategies are covered by work product protection.

B. The Standards

1. Discovery - Scope. The Federal Rules provide that "Parties may obtain discovery

regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1). The Rules further give courts the authority to "order discovery of any matter relevant to the subject matter involved . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." Id.

2. Discovery - Scope. A party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). In addition, "the discovery rules are given 'a broad and liberal treatment.'" Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc., 967 F.2d 980, 983 (4th Cir. 1992) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). However, the discovery sought must be relevant. Fed. R. Civ. P. 26(b)(1); see also St. Bernard Sav. and Loan Ass'n v. Levet, Civ. A. No. 91-4493, 1993 WL 386321, at *1 (E.D. La. Sept. 16, 1993) (stating that "the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process").[2]

3. Discovery - Relevancy. A court must strike a balance between the broad scope of the rules of discovery and the discovery of relevant evidence that is ultimately deemed

---

[2] This Court recognizes that the United States Court of Appeals for the Fourth Circuit disfavors citation of unpublished opinions. It recognizes the reasons for this and acknowledges them. Therefore, the Court will make every effort to support its opinions with citations to published rather than unpublished opinions where possible.

4

admissible or inadmissible at trial. The test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(b)(1) ("relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). In striking the appropriate balance between these two tensions, "[d]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders." Hinkle v. City of Clarksburg, 81 F.3d 416, 426 (4th Cir. 1996) (citations omitted).

4. <u>Discovery - Duty to Supplement</u>. Once the discovery process has commenced, a party has a duty to supplement any discovery responses it has provided "if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(2).

5. <u>Discovery - Duty to Respond Fully and Completely - No Gamesmanship</u>. Parties must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond. Gamesmanship to evade answering as required is not allowed. Hansel v. Shell Oil Corporation, 169 F.R.D. 303 (E.D. Pa. 1996).

6. <u>Discovery - Interrogatories</u>. Federal Rule of Civil Procedure 33 governs interrogatories. It states that "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable."

7. <u>Discovery - Objections to Interrogatories</u>. All objections must be stated with

5

specificity and any objection not raised is waived. Fed. R. Civ. P. 33(b)(4). "Mere recitation of familiar litany that interrogatory is 'overly broad, burdensome, oppressive, and irrelevant'" does not suffice as specific objection. Momah, v. Albert Einstein Med. Ctr., 164 F.R.D. 412, 417, (E.D. Pa. 1996) (quoting Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)).

8.  Discovery - Interrogatories - Motion to Compel. Motions to compel responses to interrogatories are governed by Federal Rule of Civil Procedure 37(a)(2)(B). This Rule provides that if "a party fails to answer an interrogatory submitted under Rule 33 . . . the discovering party may move for an order compelling an answer." Id. Local Rule 37.02 also applies. That Rule provides a party must file a motion to compel within thirty days after the discovery at issue was due. Id. If the moving party does not file the its motion within this time, the motion is untimely unless the "failure to file the motion was caused by excusable neglect or by some action of the non-moving party." Id.

9.  Discovery - Motion to Compel - Burden of Proof. The party opposing a motion to compel bears the burden of showing why it should not be granted. Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296-97 (E.D. Pa. 1980); Rogers v. Tri-State Materials Corp., 51 F.R.D. 234, 247 (N.D. W. Va. 1970).

C.  Discussion

I.

The Timeliness of the Motion and of Damon's Responses

The Court first examines whether Plaintiffs' Motion is timely and, if so, whether Damon has waived any objections to the interrogatories by untimely responses. Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. While Rule 37 does not contain

any time limit for filing motions to compel, the applicable Local Rules do.  Local Rule 37.02 states that

> A motion to compel, or other motion in aid of discovery, is deemed waived if it is not filed within thirty days after the discovery response or disclosure requirement sought was due, which date is determined in accordance with a rule or by mutual agreement among the parties, unless such failure to file the motion was caused by excusable neglect or by some action of the non-moving party.  In any event, the moving party must show good cause to delay the trial or modify the scheduling order.

Hence, the Local Rule specifies that a motion to compel must be filed within thirty days after the requested discovery is due.  Id.  If the requesting party does not file the motion until after that time, the party has waived his right to any material he may have obtained from the request, unless he can show good cause for the delay.  Id.

Federal Rule 33(b)(3) provides that unless the court or parties specify otherwise, a party served with interrogatories must respond within thirty days.  If the served party does not respond by that time, the serving party must file a motion to compel within an additional thirty days (i.e., within 60 days from the initial service), or else waive his right to compel answers.[3]  L.R. Civ. P. 37.02.  The moving party may only avoid application of this Rule if he can demonstrate "excusable neglect" or "some action of the non-moving party" caused the failure to timely file the motion.  Id.

This Court has discretion to weigh the excuse offered by a party failing to timely file his

---

[3] The Court notes the Federal Rules normally add three days to the time a party has to respond.  Rule 6(e) states that "Whenever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire."  Rule 5(b)(2)(B) speaks of mailing service and (D) speaks of service by any means other than hand delivery or leaving service with the clerk of the court if the person has "no known address."  Hence, when a party makes service by mail, fax, e-mail, etc., three days are added to the time the served party has to respond.

motion to compel in order to avoid strict application of the Rule. This discretion allows the Court to avoid what may constitute overly "technical" applications of the Rule. Mordesovitch v. Westfield Ins. Co., 235 F. Supp. 2d 512, 518 (S.D. W. Va. 2002). One example of a party having such a valid excuse came in Kidwiler v. Progressive Paloverde Insurance Co., 192 F.R.D. 193 (N.D. W. Va. 2000). In that case, Judge Broadwater confronted a situation where the deadline for Plaintiff to file a motion to compel was October 24th, but counsel for Defendant sent Plaintiff's counsel a letter on October 19th indicating a response would soon come. Id. at 198. Plaintiff's counsel delayed filing the motion to compel until November 15th, obviously beyond the deadline imposed by the local rule. Id. Nevertheless, Judge Broadwater concluded the motion timely since Defendant's actions had been the cause of Plaintiff's delay. Id. Another example of a court waiving the timeliness requirement regarding a motion to compel is Doe v. National Hemophilia Foundation, 194 F.R.D. 516, 519-20 (D. Md. 2000). In that case, the court denied an untimely motion to compel without prejudice and ordered the parties to resolve their differences where the plaintiff's requests were overly broad, the defendant raised general objections, and the defendant referred the plaintiff to a large document depository being used in other litigation. Id. Whatever the case, it is clear that a party filing an untimely motion must show excusable neglect or some other valid reason.

In this case, Plaintiffs served their interrogatories on July 30, 2006. Damon's responses were therefore due on September 1, 2006. Fed. R. Civ. P. 6(e); 33(b)(3). Damon did not respond by this time. Plaintiffs therefore had until October 1, 2006, to file their Motion to Compel. L.R. Civ. P. 37.02. Yet Plaintiffs did not file their Motion until October 25. Therefore, the Motion appears to be untimely. Id. However, Plaintiffs' counsel stated at oral argument that

8

the parties agreed to a "rolling response date." (Tr. 17). Counsel stated he agreed to give Damon additional time to prepare responses. (Id.). When counsel determined the extension was carrying on for a significant period of time, he contacted opposing counsel about the matter and "within a day or two after that" received the responses. (Id.).

As mentioned above, Rule 33(b)(3) permits the parties to agree on a date when interrogatories will be due that is different from the default date specified by the Rules. Counsel's statement at argument makes clear the parties exercised their prerogative in this regard to agree to a "rolling response date." (Id.). The Court concludes the parties' agreed time frame made Damon's October 2, 2006 response timely. This date was the date from which the time to file the Motion to Compel began to run. L.R. Civ. P. 37.02. Since Damon filed its Motion on October 25, its Motion was within the thirty days provided for under the Local Rules and was therefore timely. Id.

For the same reasons, the Court concludes Damon has not waived its objections due to untimely responses. Rule 33(b)(4) provides that "All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." As mentioned above, the default timeline provided by the Rules required Damon to respond by September 1, 2006. Fed. R. Civ. P. 6(e); 33(b)(3). Since Damon did not respond by that time, the Rules appear to call for waiver of all objections. Fed. R. Civ. P. 33(b)(4). However, since the parties' agreed to a different time frame, as was their prerogative, Damon's October 2 responses were timely.

II.

Interrogatory 6

The Court first addresses whether Damon should be made to answer interrogatory 6. This interrogatory asked whether Damon is aware of recurring problems in its Damon Intruder RV involving "the fitting of windshields . . . leakage . . . problems with the paint . . . problems with the leveling, and/or deficiencies in the body appearance." It also asked whether any litigation has been filed concerning those areas. Damon objected that the interrogatory is "vague and ambiguous and unlimited by time or scope." Damon also referenced its objections and responses to interrogatory 5. Interrogatory 5 concerned litigation involving Damon RVs. Damon objected to the interrogatory as immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. It also raised time and scope objections. However, Damon responded to interrogatory 5 by stating that it knew of no lemon law or warranty litigation concerning defective windshields or water leakage in the 2004 Damon Intruder Model 350. Plaintiffs argue Damon's objections lack merit. They also argue the response to interrogatory 5 does not answer interrogatory 6. At oral argument, Damon reasserted its objection that the interrogatory is irrelevant and not reasonably calculated to lead to admissible evidence. Damon clarified its objection by stating that the material sought is irrelevant because of the nature of the claims Plaintiffs assert.

As noted above, Rule 33(b)(4) provides that "All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Although Damon raised the objection at oral argument that the material sought in interrogatory 6

is irrelevant because of the nature of the claims Plaintiffs assert, Damon did not assert this objection in a timely response. Rather, Damon's objection on this ground merely stated that the material "is immaterial, irrelevant, and seeking information that is not reasonably calculated to lead to the discovery of evidence admissible at trial." The Court will now consider this objection.

It is well established that the objection that an interrogatory "was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." Joseph, 677 F.2d at 992 (speaking in the context of interrogatories); see also Lamoureux v. Genesis Pharm. Servs., 226 F.R.D. 154, 158 (D. Conn. 2004). Since Damon only included this type of language in its objection, the Court finds the objection insufficient as a matter of law.

The Court now considers the objection that the interrogatory is vague and unlimited in time and scope. The Court does not believe this interrogatory is vague. Plaintiffs have requested whether Damon knows of recurring problems in the Damon Intruder involving "the fitting of windshields . . . leakage . . . problems with the paint . . . problems with the leveling . . . and/or deficiencies in the body appearance." This reasonably identifies what Plaintiffs seek to know. Plaintiffs should not be required to state the technical details of the mechanical problems they seek to know about with excruciating specificity. Damon is correct that the interrogatory is objectionable as unlimited in time. However, this problem may be rectified by limiting the interrogatory's scope to Intruders made in model years 2000-2004.

Finally, the Court considers the sufficiency of the Damon's answer. In its response to interrogatory 6, Damon referenced its response to interrogatory 5. Damon stated in that response that it knew of no lemon law or warranty litigation concerning defective windshields or water

leakage in the 2004 Intruder model 350. This response is deficient in several respects. The first half of interrogatory 6 did not concern litigation, but only whether Damon knew of "recurring problems." The response fails to address this. The response is partially sufficient in that it addresses some of the litigation inquiry of the interrogatory. Yet it does not address whether litigation has been filed concerning paint problems or problems with leveling. Finally, while the interrogatory asked about "the Damon Intruder," the response was limited to the 2004 Damon Intruder Model 350. Damon should answer regarding other models of Damon Intruders as well, which the Court limits to model years 2000-2004.[4]

For the foregoing reasons, the Motion to Compel regarding interrogatory 6 is GRANTED. Pursuant to Local Rule 33.01(c), Damon shall answer within fourteen days from the date of this Order.

III.

Interrogatory 12

The Court now considers interrogatory 12. Interrogatory 12 asked Damon whether it argued that Plaintiffs "are responsible for the asserted deficiencies in the subject RV." It asked Damon to give the factual or legal basis for its assertions. Damon responded by referring Plaintiffs to Damon's answer to the complaint. Plaintiffs argued in their Motion that Damon's response is deficient for its lack of detail. Damon contended at oral argument that while the interrogatory asked a question proper for discovery, it could not provide a detailed answer in

---

[4] Problems in similar models could reveal problems with the model at issue in this litigation. Nevertheless, the Court realizes that if there is a great variety of Damon Intruder models, Damon should not be made to answer regarding all of them. However, Damon's website indicates that while Damon offers multiple models of motor homes, there is only one 2007 Intruder. Thus, the Court trusts there were not a great variety of Intruders made between 2000-2004.

good faith at the time the interrogatory was served. Damon stated it was having an expert look at the evidence and would provide a response as information became available. In Damon's supplemental response, Damon referred Plaintiffs to the reports of Michael Bukowski and Todd Wisnewski. Damon also stated the alleged deficiencies regarding the awning of the subject RV may have come about when the RV was in the control of Plaintiffs.

Damon has conceded the information sought is appropriate under discovery. Even if it did not, it waived any defenses by failing to timely object. Fed. R. Civ. P. 33(b)(4). Damon merely seeks additional time to provide the information so it can answer in good faith. Damon provided at least some of that information in its supplemental response. Since Damon has admitted the information is relevant and has stated it will fully answer in good faith once the information becomes available to it, the Motion to Compel regarding interrogatory 12 is DENIED. Damon is reminded of its continuing duty to supplement its responses under Rule 26(e). Damon shall provide the requested information within five days of when it becomes available to it.

IV.

Interrogatory 13

Finally, the Court examines whether to grant the Motion to Compel regarding interrogatory 13. This interrogatory asked Damon to provide the "factual basis and each statute, code, rule or standard that you believe provides Damon corporation a defense to the alleged violation and deficiencies asserted by the Plaintiffs." Damon objected to the interrogatory as asking for material subject to work product protection. However, it did state that West Virginia law does not govern the case. Plaintiffs argued in their Motion that the interrogatory is proper

13

under Rule 33(c), which permits interrogatories concerning the application of law to fact. Damon reasserted its work product objection at oral argument. Damon later provided a supplemental response. Damon referred Plaintiffs to the testimony of Michael Clay, II, and Joseph Taggart. Damon also referred Plaintiffs to the Ohio and federal statutes governing warranties and the limited warranty Damon provided.

The Court agrees with Plaintiffs that interrogatory 13 is a contention interrogatory, which is permitted by the Federal Rules. Contention interrogatories involve "an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(c); see also In re Priceline.com Inc. Sec. Litig., 233 F.R.D. 83, 87 (D. Conn. 2005); Banks v. Office of the Senate Sergeat at Arms, 222 F.R.D. 7, 13 (D.D.C. 2004). Contention interrogatories have been defined as interrogatories that request a litigant "to state what it contends; to state whether it makes a specified contention; to state all facts upon which it bases a contention; to take a position, and explain or defend that position . . . or to state the legal or theoretical basis for a contention." B. Braun Med. Inc. v. Abbott Lab., 155 F.R.D. 525, 527 (E.D. Pa. 1994). Another court similarly defined contention interrogatories as interrogatories that "ask another party to indicate what it contends, to state all facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts." McCarthy v. Paine Webber Group, Inc., 168 F.R.D. 448, 450 (D. Conn. 1996). Contention interrogatories are beneficial in that they "can help pin down an opponent's legal theories in a case as well as the primary facts supporting them." Jayne H. Lee, Inc. v. Flagstaff Indus. Corp., 173 F.R.D. 651, 652 (D. Md. 1997).[5]

---

[5] Although Damon argues that requiring it to disclose its legal theories by interrogatory implicates the work product doctrine, this argument is without merit. United States v. Taylor,

14

Although contention interrogatories represent a valid discovery device, they should not be served until near the end of the discovery period. Nestle Foods Corp. v. Aetna Cas. & Sur. Co., 135 F.R.D. 101, 110-11 (D.N.J. 1990). One reason for this is "the unfairness of requiring a party to prematurely articulate theories which have not yet been fully developed." Cornell Research Found., Inc. v. Hewlett Packard Co., 223 F.R.D. 55, 66 (N.D.N.Y. 2003). Another reason is that a lawyer's unwillingness to commit to a position without an adequately developed record will likely lead to vague, ambiguous responses. In re Convergent Technologies Sec. Litig., 108 F.R.D. 328, 338 (N.D. Cal. 1985). These answers serve little use. Id. Thus, a party serving contention interrogatories before substantial discovery has occurred bears the burden of showing why they should be answered. Fischer & Porter Co. v. Tolson, 143 F.R.D. 93, 96 (E.D. Pa. 1992). This burden may be satisfied by demonstrating "good reason to believe that answers . . . will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or that such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56." In re Convergent Technologies Sec. Litig., 108 F.R.D. at 338-39. Where significant discovery has not occurred, a motion to compel contention interrogatories should be denied without prejudice. Fischer & Porter Co., 143 F.R.D. at 96.

Interrogatory 13 is a contention interrogatory. The interrogatory asked Damon to state the legal theories for its defense and the facts that support those theories. This is a classic contention interrogatory, which is permissible. B. Braun Med. Inc., 155 F.R.D. at 527. Having found the interrogatory permissible, the Court will examine whether discovery is sufficiently

---

166 F.R.D. 356, 363 n. 7 (M.D.N.C. 1996) (citing cases).

developed to require Damon to answer. Nestle Foods Corp., 135 F.R.D. at 110-11. This case has been pending before the Court for over a year. The first Scheduling Order for this case was entered on January 6, 2006, with trial scheduled to begin in November 2006.[6] Under a revised Order, discovery was to be completed by November 29, 2006.[7] A pre-trial conference is still scheduled for February 12, 2007 – only one month away. This case is clearly well into the discovery phase. Hence, the Court finds it appropriate to require Damon to answer the interrogatory.

Since interrogatory 13 is a permissible discovery request, the only remaining inquiry is whether Damon's response and supplemental response are a sufficient answer. The Court finds these responses are inadequate. The interrogatory asked Damon to identify "each statute, code, rule or standard" it believes provides a legal defense. The closest Damon comes to answering this is to refer Plaintiffs "to the Ohio and federal statutes regarding warranties and the affirmative defenses available to Damon under those statutes."[8] Damon also referenced the warranty provided with the RV, though it did not elaborate on the contents of the warranty. This is far from the specific answer asked for by the interrogatory. The interrogatory sought detailed information. All Damon provided was vague references. Interrogatory 13 also requested Damon to identify the factual basis for each defense. Damon referenced the deposition testimony of Michael Clay, II, regarding the proximate cause of the alleged damages and Damon's lack of

---

[6] Docket No. 13

[7] Docket No. 42

[8] The Court notes Damon denied West Virginia law governed the action as part of its response. Given that the interrogatory sought the factual and legal basis Damon relies upon to form a defense, this statement seems irrelevant.

16

knowledge of the alleged defects prior to the sale of the RV.  Damon also cited the deposition testimony of Joseph Taggart about warranty payments for the servicing of the RV and Plaintiffs' use of the RV.  Although this comes closer to a sufficient response, it is still lacking in detail.

For the foregoing reasons, the Motion to Compel regarding interrogatory 13 is GRANTED.  Pursuant to Local Rule 33.01(c), Damon shall answer within fourteen days from the date of this Order.

## IV.  Decision

Plaintiffs' Motion to Compel is GRANTED IN PART and DENIED IN PART.  The Motion regarding interrogatories 6 and 13 is GRANTED.  Damon shall answer within fourteen days from the date of this Order.  The Motion regarding interrogatory 12 is DENIED.  However, the Court finds Damon has admitted the information sought in interrogatory 12 is relevant and even if it did not, it has waived any objections.  Damon shall answer interrogatory 12 within five days of when the information sought becomes available to it.

Plaintiffs shall file an affidavit of their reasonable expenses in bringing this Motion within fourteen days of the date of this Order.  Counsel for Damon shall be given an opportunity to be heard on why reasonable expenses and sanctions should not be awarded to Plaintiffs against counsel for Damon and his firm at 4:00 p.m. on Friday, February 2, 2007.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the District Court Judge of Record.  Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this Order.

DATED: January 17, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE