IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH TAGGART and
SHIRLEY TAGGART,

    Plaintiffs,

v.                                Civil Action No. 5:05CV191
                                             (STAMP)
DAMON MOTOR COACH,
CLAY'S RV CENTER, INC.
and US BANCORP
a/k/a US BANK,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT,
DENYING PLAINTIFFS' MOTION TO STRIKE
CLAY'S RV CENTER, INC.'S
ANSWER AND ENTER DEFAULT JUDGMENT**

I. Procedural History

On October 25, 2005, the plaintiffs, Joseph Taggart and Shirley Taggart, filed a complaint, styled "amended complaint" in the Circuit Court of Ohio County, West Virginia against the defendants, Damon Motor Coach ("Damon"), Clay's RV Center, Inc. ("Clay") and US Bancorp. The plaintiffs allege causes of action against Damon and Clay for breach of express warranty, breach of implied warranties of merchantability and fitness for a particular use, fraud and misrepresentation, breach of express and implied warranties under the Magnuson-Moss Warranty Act and revocation of the acceptance of nonconforming goods. (Notice of Removal Ex. 1 and Ex. 2.) Further, the plaintiffs allege that they have the

right to cancel their loan with US Bancorp under the "Consumer Credit Protection." (Notice of Removal Ex. 1 at 6.) Finally, the plaintiffs allege that Damon and Clay's acts were unconscionable. Damon, with the consent of all defendants, removed this action pursuant to 28 U.S.C. § 1332, based upon the diversity of citizenship of the parties.

On August 15, 2006, the plaintiffs filed a motion to amend the complaint and a motion to strike the answer of Clay and enter default, to which Clay responded. To date, the plaintiffs have not filed a reply to either motion.

These motions are now fully briefed and ripe for review. After thorough consideration, this Court finds that the plaintiffs' motion to amend the complaint should be granted and the plaintiffs' motion to strike the answer of Clay and enter default judgment against Clay should be denied.

## II. Facts

This action arises from several causes of action, including breach of express and implied warranties, fraud and misrepresentation, violation of the Magnuson-Moss Warranty Act, violation of the consumer credit protection, revocation of acceptance and unconscionability stemming from the plaintiffs' purchase of a 2004 Damon Intruder 350 recreational vehicle in August 2004. The Damon Intruder was manufactured by Damon and then

2

sold to the plaintiffs by Clay.  The plaintiffs purchased the Damon Intruder through financing from US Bancorp.

The plaintiffs seek all costs associated with the plaintiffs' purchase, damages and loss of use of the 2004 Damon Intruder against Damon and Clay.  The plaintiffs also seek revocation of the contract between the plaintiffs and Damon and Clay.  Finally, the plaintiffs seek forgiveness of the balance of the plaintiffs' loan due to US Bancorp and for US Bancorp to refund all payments made on their loan.

### III. Applicable Law

Federal Rule of Civil Procedure 15(a) applies to parties seeking to amend their pleadings.  This rule states in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . .  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).

Rule 15(a) grants the court broad discretion, and leave should be granted absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment."  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819

3

F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

IV. Discussion

A. Motion to Amend the Complaint

The plaintiffs seek to amend the "amended complaint" to assert additional causes of action against Clay for outrageous conduct, intentional infliction of emotional distress, tortuous interference with attorney-client relationship and punitive damages. (Notice of Removal.) The plaintiffs assert that good cause exists to allow these amendments because the additional causes of action stated above could not have been asserted in the original "amended complaint" because the events had not yet occurred. Specifically, the plaintiffs request leave to amend their "amended complaint" based upon Michael Clay's[1] attempt to negotiate a settlement with the plaintiffs without plaintiffs' counsel present. In response, Clay asserts that its actions do not give rise to any new causes of action. Thus, Clay contends that the plaintiffs should not be allowed to amend their complaint.

In discussing when leave to amend should be granted or denied, courts have examined several factors, including prejudice, delay, motive, and futility. In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court stated:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part

---
[1]Michael Clay is an agent of Clay.

> of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. -- the leave should, as the rule requires, be "freely given."

371 U.S. at 182.

After a review of the record, this Court concludes that the plaintiffs have not exhibited any undue delay, bad faith or dilatory motive. The plaintiffs filed a motion to amend the complaint as soon as possible after the alleged incident, in which the new causes of actions arose, occurred. Moreover, the prejudice to Clay from further delay is not so significant to prevent this Court from allowing the amendment. Finally, this Court cannot conclude that the plaintiffs' amendment would be futile, as it raises substantive issues that this Court cannot dismiss upon cursory review. Accordingly, given the liberality rule, the plaintiffs' motion for leave to file a second amended complaint must be granted.

B.  <u>Motion to Strike Answer and Enter Default Judgment</u>

"A court has, independent of specific statutory-and rule-based schemes, the inherent authority to sanction litigants for egregious, bad-faith conduct that undermines the judicial process." <u>Kocher v. Oxford Life Ins. Co.</u>, 602 S.E.2d 499, HN 5 (W. Va. 2004).

The plaintiffs seek to strike the answer of Clay and to enter default judgment against Clay as a sanction because Clay contacted the plaintiffs, without counsel present, in an attempt to convince

5

the plaintiffs to settle.  In response, Clay asserts that the plaintiffs' motion is a misinterpretation of the law and the plaintiffs are not entitled to strike Clay's answer and enter default judgment against Clay in this civil action.

In their motion, the plaintiffs assert that this case is factually similar to Kocher.  Id. at 499.  This Court disagrees.  In Kocher, the defendant, Oxford Life Insurance Company's Senior Vice President Larry Goodyear ("Goodyear") made an unannounced visit to the plaintiff, Mr. Kocher, without his counsel's knowledge, to improperly influence him to settle the case.[2]  Id. at 501.  Mr. Goodyear advised both Oxford Life Insurance Company's president and compliance director of his intention to visit Mr. Kocher.  Id.  In connection with his visit, Mr. Goodyear's secretary in Arizona contacted Mr. Kocher by telephone at his home in West Virginia and identified herself as a Federal Express employee who was seeking directions to deliver a package to Mr. Kocher.  Id. Afterwards, in a deposition, Mr. Goodyear denied that his secretary had called and misidentified herself as a Federal Express employee.  Id.  Soon after the deposition, Oxford Life Insurance Company advised the court that Mr. Goodyear's testimony was erroneous.  Id.  The trial court found that Oxford Life Insurance Company had a continuing pattern of misconduct and that

---

[2]The defendant's counsel was previously told by plaintiffs' counsel that all settlement discussion were to be conducted in the presence of plaintiffs' counsel.

6

this particular incident was of "extreme litigation misconduct" that required sanctions against Oxford Life Insurance Company. Id.

In the present civil action, the plaintiffs are requesting severe sanctions for an isolated event. The plaintiffs do not allege that there has been a continuing pattern of misconduct by Clay. The plaintiffs also do not assert that they or their counsel conveyed to Clay that they did not want to be contacted without their counsel present. Further, the plaintiffs do not assert that Clay's counsel had any knowledge that Michael Clay, an agent of Clay, was contacting the plaintiffs in an attempt to resolve this lawsuit. Thus, this Court finds that the facts in this civil action are distinguishable from the facts in Kocher. Id.

Based upon the facts above, this Court finds that the single isolated occurrence does not deserve a severe sanction as requested by the plaintiffs. Accordingly, this Court finds that the plaintiffs' motion to strike the answer of Clay and enter default judgment should be denied.

V. Conclusion

For the reasons stated above, the plaintiffs' motion to amend the complaint is hereby GRANTED. The Clerk is DIRECTED to file the second amended complaint attached to the plaintiffs' motion to amend the complaint. The Clerk is DIRECTED to file the second amended complaint and the plaintiffs shall serve the second amended complaint upon the defendants.

7

Further, the plaintiffs' motion to strike defendant, Clay's RV Center, Inc.'s answer and enter default judgment is hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    February 7, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE